# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

City of Pittsburgh, : 
          Appellant : 
: No. 1299 C.D. 2019
      v. : 
: Submitted: May 15, 2020
Fraternal Order Of Police, : 
Fort Pitt Lodge No. 1 : 


BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
              HONORABLE MICHAEL H. WOJCIK, Judge
              HONORABLE ELLEN CEISLER, Judge


*__OPINION NOT REPORTED__*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                                 FILED: September 1, 2020


        The City of Pittsburgh (City) appeals the August 9, 2019 order of the Court of Common Pleas of Allegheny County (trial court) denying its statutory appeal and confirming a grievance arbitration award issued under the Policemen and Firemen Collective Bargaining Act (Act 111).[1,2] Because the City waived all of its

---

[1] The Act of June 24, 1968, P.L. 237, No. 111, *as amended,* 43 P.S. §§217.1-217.10, commonly referred to as Act 111, governs the collective bargaining rights of police and fire personnel. As explained by our Supreme Court, "grievance arbitration" is "the arbitration that occurs when the parties disagree as to the interpretation of an existing collective bargaining agreement." *City of Philadelphia v. International Association of Firefighters, Local 22*, 999 A.2d 555, 558 n.2 (Pa. 2010).

[2] On November 18, 2019, this Court entered a *per curiam* order directing the parties to address the timeliness of the City's notice of appeal from the August 9, 2019 order in their briefs on the merits. Having considered these arguments and reviewing the relevant case law, we conclude that the notice of appeal filed by the City on September 9, 2019, or, at the latest, on September 10,

**(Footnote continued on next page…)**

issues on appeal by filing an untimely statement of errors pursuant to Pennsylvania Rule of Appellate Procedure (Pa.R.A.P. or Rule) 1925(b), we will affirm the trial court's order.

## Background

Briefly, and by way of background, on May 3, 2017, police officer Robert Kramer (Officer Kramer) of the City of Pittsburgh Police Department (Pittsburgh Police) was allegedly involved in an off-duty incident while driving on Chartiers Avenue in Pittsburgh's Sheraden neighborhood, when the driver of a sports utility van (SUV) tailgated Officer Kramer, honked the horn, and attempted to swerve around and pass Officer Kramer. When Officer Kramer stopped at a stop sign, the SUV then pulled up beside him, and the driver of the SUV rolled down the window and started yelling and waiving his arms. As alleged, Officer Kramer then rolled down the passenger side window of his vehicle and brandished a firearm at the driver of the SUV. (Trial court op. at 1-2.)

The Pittsburgh Police conducted internal and criminal investigations into the incident. Subsequently, the prosecuting authority charged Officer Kramer with criminal offenses, and the Pittsburgh Police instituted a disciplinary action that resulted in Officer Kramer's discharge from the police force.

---

**(continued…)**

2019, was timely because the trial court's prothonotary did not officially document the entry of the August 9, 2019 order until August 12, 2019. *See Frazier v. City of Philadelphia*, 735 A.2d 113, 115 (Pa. 1999) ("[A]n order is not appealable until it is entered on the docket with the required notation that appropriate notice has been given . . . . That the parties may have received notice of the order does not alter the formal date of its entry and the associated commencement of the period allowed for appeal for purposes of the rules.").

However, on September 3, 2018, after a trial by jury on the criminal offenses, the jury found Officer Kramer not guilty of any of the criminal charges. Officer Kramer then proceeded to binding grievance arbitration pursuant to the Working Agreement between the City and the Fraternal Order of Police, Fort Pitt Lodge No. 1 (FOP). *Id.* at 3-5.

A three-person arbitration panel (Arbitration Panel) conducted two days of hearings. On March 29, 2019, the Arbitration Panel issued an award sustaining the grievance of Officer Kramer and reinstating him to his former position. The City filed a statutory appeal to the trial court, asserting that the Arbitration Panel exceeded its authority, violated due process, and held irregular proceedings. After entertaining oral argument and briefing on the issues, the trial court, by order dated August 9, 2019, confirmed the award of the Arbitration Panel. *Id.* at 1, 5.

After the City filed a notice of appeal, the trial court issued an order dated September 10, 2019. In this order, the trial court directed the City to file a Pa.R.A.P. 1925(b) Statement (1925(b) Statement)[3] and serve it upon the trial court

---

[3] Pa.R.A.P. 1925(b) pertinently provides as follows:

> **(b) Direction to file statement of errors complained of on appeal; instructions to the appellant and the trial court**. If the judge entering the order giving rise to the notice of appeal ("judge") desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal ("Statement").
>
> (1) Filing and service. Appellant shall file of record the Statement and concurrently shall serve the judge. Filing of record and service on the judge shall be in person or by mail as provided in Pa.R.A.P. 121(a) and shall be complete on mailing if appellant obtains a United States Postal Service Form 3817, Certificate of Mailing, or other

**(Footnote continued on next page…)**

3

"within twenty-one (21) days from the date of [the] [o]rder's entry on the docket." (Supplemental Reproduced Record (S.R.R.) at 19b.) The trial court's order also stated that the 1925(b) Statement must be "timely filed and served" and warned that, if it was not, "[a]ny issue . . . included in the [S]tatement . . . shall be deemed waived." *Id.*

---

**(continued…)**

> similar United States Postal Service form from which the date of deposit can be verified . . . .
>
> *     *     *
>
> (2) Time for filing and service. The judge shall allow the appellant at least 21 days from the date of the order's entry on the docket for the filing and service of the Statement. Upon application of the appellant and for good cause shown, the judge may enlarge the time period initially specified or permit an amended or supplemental statement to be filed. In extraordinary circumstances, the judge may allow for the filing of a Statement or amended or supplemental Statement *nunc pro tunc*.
>
> (3) Contents of order. The judge's order directing the filing and service of a Statement shall specify:
>
> (i) the number of days after the date of entry of the judge's order within which the appellant must file and serve the Statement;
>
> (ii) that the Statement shall be filed of record;
>
> (iii) that the Statement shall be served on the judge pursuant to paragraph (b)(1);
>
> (iv) that any issue not properly included in the Statement timely filed and served pursuant to subdivision (b) shall be deemed waived.

Pa.R.A.P. 1925(b)(1)-(3).

Importantly, the trial court's order directing the City to file a 1925(b) statement was time-stamped by the prothonotary with a date of September 11, 2019. (S.R.R. at 18b.) Further, the official docket entries indicate that the prothonotary, in accordance with Pennsylvania Rule of Civil Procedure (Pa.R.C.P.) No. 236, provided the City with written notice of the order on that same date. (Original Record (O.R.) at 1.)[4] Therefore, the City had until Wednesday, October 2, 2019, to file a timely 1925(b) Statement.[5]

As time-stamped by the prothonotary, and recorded on the official docket entries, the City filed its 1925(b) Statement on October 4, 2019. (S.R.R. at 20b; O.R. at 1.) The certificate of service accompanying the City's Pa.R.A.P. 1925(b) Statement, signed by the City's Assistant Solicitor, reflects that the Assistant Solicitor served the City's 1925(b) Statement, via hand delivery, on both the FOP and the trial court on October 4, 2019. (S.R.R. at 23b.)

On October 23, 2019, the trial court issued an opinion pursuant to Pa.R.A.P. 1925(a), concluding that the City's alleged errors lacked merit.

---

[4] In relevant part, under Pa.R.C.P. No. 236, "[t]he prothonotary shall immediately give written notice of the entry of . . . any [] order . . . to each party's attorney of record [and] shall note in the docket the giving of the notice." Pa.R.C.P. No. 236(a)(2), (b). *See also Schlag v. Department of Transportation, Bureau of Driver Licensing*, 963 A.2d 598, 601-02 (Pa. Cmwlth. 2009) (explaining that where the docket entries do not show that the prothonotary docketed notice and entry of the order directing a 1925(b) statement to be filed within [21] days, the courts will "decline to conclude [that an appellant] waived his issues on appeal by failing to file a timely 1925(b) Statement").

[5] https://www.timeanddate.com/date/dateadded.html?m1=09&d1=11&y1=2019&type=add &ay=&am=&aw=&ad=21&rec= (last visited August 31, 2020).

5

## Discussion

Before this Court, the City advances three main arguments that the trial court erred in confirming the grievance award of the Arbitration Panel.[6]  However, before addressing the merits of these contentions, we must first determine whether the City's 1925(b) Statement was filed timely.[7]  *See In re Clinton County Tax Claims Bureau Consolidated Return for Sale of September 24, 2012*, 109 A.3d 331, 334 (Pa. Cmwlth. 2015); *Greater Erie Industrial Development Corp. v. Presque Isle Downs, Inc.*, 88 A.3d 222, 223 (Pa. Super. 2014) (en banc).

This Court has explained:

> Whenever the trial court orders an appellant to file a concise statement of [errors] complained of on appeal pursuant to [Pa.R.A.P.] 1925(b), the appellant must comply in a timely manner.  Failure to comply with the order's directive will result in waiver of all issues raised on appeal.  Previously, both this Court and the Superior Court declined to waive issues raised in an untimely 1925(b) statement if the trial court issued an opinion addressing the merits of those issues.  However . . . our Supreme Court [subsequently] held that if an appellant fails to timely comply with a trial court's order to file a 1925(b) statement, all issues raised on appeal are automatically waived . . . .

---

[6] More specifically, the City asserts that the Arbitration Panel conducted irregular proceedings, violated the City's due process rights, and exceeded its authority because the Arbitration Panel issued an award that contravened Pennsylvania's civil service statutes, refused to rule on the City's motion to consider evidence that would have impeached Officer Kramer's credibility, and impinged upon the City's managerial right to direct the operation of the Pittsburgh Police.

[7] In its appellate brief, the FOP argues that the City's 1925(b) Statement was filed untimely. The City did not file a reply brief and address this assertion.  In any event, pursuant to binding precedent from our Supreme Court, this Court may assess the timeliness of a 1925(b) statement *sua sponte*.  *See Commonwealth v. Hill*, 16 A.3d 484, 494 (Pa. 2011) (stating that Rule 1925 violations may be raised by an appellate court *sua sponte*).

> Stressing the need for consistent and uniform applications of 1925(b), the Supreme Court specifically voice[d] . . . disapproval of prior decisions of the intermediate courts to the extent that they have created exceptions to [Rule 1925] and have addressed issues that should have been deemed waived. The court held that, absent extraordinary circumstances, an untimely filed 1925(b) statement automatically results in waiver of the issues raised on appeal.

*In re Clinton County Tax Claims Bureau*, 109 A.3d at 334-35 (citation and internal quotation marks omitted); *see Commonwealth v. Castillo*, 888 A.2d 775, 780 (Pa. 2005); *Commonwealth v. Schofield*, 888 A.2d 771, 774 (Pa. 2005); *Greater Erie Industrial Development Corp.*, 88 A.3d at 223-25.

Applying Pa.R.A.P. 1925 to the facts of the case, this Court in *In re Clinton County Tax Claims Bureau* affirmed a trial court's order because the appellant filed his 1925(b) statement one day late. *Id.* at 335-36 ("Because [the appellant] did not file his statement until April 15, 2014, one day after the expiration of the [21-]day period, we are constrained to hold that the statement was untimely filed and that [the appellant] waived the issue of improper posting on appeal.").

Here, the trial court's September 11, 2019 order, as docketed and recorded by the prothonotary, directed the City to file a 1925(b) Statement within 21 days, or on or before Wednesday, October 2, 2019. However, the City did not file, and the prothonotary did not receive, its 1925(b) Statement until Friday, October 4, 2019. Moreover, the City did not request an extension of time to file a 1925(b) Statement and did not argue before the trial court (or this Court for that matter) that it had good cause or extraordinary circumstances for filing its 1925(b) Statement late. *See* Pa.R.A.P. 1925(b)(2) (stating that "[u]pon application of the appellant and for good cause shown, the judge may enlarge the time period initially specified [and] [i]n extraordinary circumstances . . . may allow for the filing of a . . . Statement *nunc pro*

7

*tunc*"). Otherwise, having served its 1925(b) Statement solely via hand delivery, the City cannot assert that a mailing date, as evidenced by appropriate documentation from the United States Postal Service, marked the date on which the 1925(b) Statement was filed. *Cf. In re Condemnation by Mercer Area School District* (Pa. Cmwlth., No. 58 C.D. 2016, December 15, 2016) (unreported), slip op. at 6 (stating that a 1925(b) statement "will be deemed to be filed on the date on which the prothonotary receives it, unless the [] 1925(b) statement has included with it a 'Form 3817, Certificate of Mailing, or other similar United States Postal Service form'") (internal citation omitted).[8] Finally, although the trial court issued a 1925(a) opinion addressing the merits of the City's arguments on appeal, this does not alter or cure the fact that the City filed an untimely 1925(b) Statement. *See Jenkins v. Fayette County Tax Claim Bureau*, 176 A.3d 1038, 1041-42 (Pa. Cmwlth. 2018) (concluding that where the appellant filed an untimely 1925(b) statement, "[w]aiver [was] not cured by the trial [judge's] filing of a [] 1925(a) opinion addressing the merits of the issues on appeal"). Ultimately, because the City filed an untimely 1925(b) Statement, well-settled precedent dictates that the City waived all of the issues that it raises in this appeal. *See In re Estate of Boyle*, 77 A.3d 674, 676 (Pa. Super. 2013) ("Our application of Rule 1925(b) today may be harsh. Nevertheless, our disposition is consistent with Rule 1925(b) and decisional authority.").

---

[8] We cite unreported decisions of this Court for their persuasive value in accordance with section 414(a) of our Internal Operating Procedures. 210 Pa. Code §69.414(a).

Accordingly, because the City has not preserved any issue for our review, we are constrained to affirm the trial court's order.

_____
PATRICIA A. McCULLOUGH, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

City of Pittsburgh,           :
          Appellant    :
                       :   No.  1299 C.D. 2019
         v.          :
                       :
Fraternal Order Of Police,   :
Fort Pitt Lodge No. 1      :

## ***ORDER***

AND NOW, this 1st day of September, 2020, the August 9, 2019 order of the Court of Common Pleas of Allegheny County is hereby affirmed.

_____
PATRICIA A. McCULLOUGH, Judge